UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAWANNA MORTON,             } | |
|                             } | |
|    Plaintiff, } | |
|                             } | |
| v.                          } | Case No.: 2:13-CV-01603-RDP |
|                             } | |
| TRAVELERS INSURANCE,        } | |
|                             } | |
|    Defendant. } | |

### MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss (Doc. #3), filed on August 29, 2013. The Motion (Doc. #3) is due to be granted.

This matter arises out of a July 2007 fire that destroyed Plaintiff Tawanna Morton's home. (Doc. #1, Ex. A at ¶ 4). Plaintiff alleges that Defendant Travelers Insurance (The Automobile Insurance Company of Hartford, Connecticut) ("Defendant") "effectively and wrongfully failed to honor" its insurance policy covering Plaintiff's destroyed home. (Doc. #1, Ex. A at 1). Plaintiff's Complaint sets forth numerous causes of action relating to Defendant's handling of Plaintiff's policy claims, including negligence, wantonness, bad faith refusal to pay insurance claim, bad faith refusal to timely investigate insurance claim, breach of contract, and conspiracy. (Doc. #1, Ex. A at ¶¶ 17-42).

Originally initiated in the Circuit Court of Jefferson County, Alabama on July 19, 2013, the case was removed to the United States District Court for the Northern District of Alabama upon Defendant's filing of a Notice of Removal (Doc. #1) on August 29, 2013. Defendant also filed a Motion to Dismiss (Doc. #3) on August 29, 2013, seeking dismissal of all of the claims asserted in the Complaint (Doc. #1, Ex. A), except for Plaintiff's breach of contract claim. (Doc.

#3 at 1). In its Motion (Doc. #3), Defendant presents a number of arguments in support of dismissal. First, Defendant asserts that Alabama law does not recognize actions for negligence and wantonness in connection with the handling of insurance claims. (Doc. #3 at 2). Next, Defendant argues that Plaintiff's bad faith claims are barred by the applicable statute of limitations. (Doc. #3 at 3-4). Finally, Defendant contends that Plaintiff's claim for conspiracy is due to be dismissed, because it 1) contradicts the rule that a conspiracy cannot exist between agents/employees of the same corporation, 2) violates the notion that a conspiracy cannot exist in the absence of an underlying tort, and 3) is barred by the applicable statute of limitations. (Doc. #3 at 4-7).

On September 5, 2013, the court issued a Text Order (Doc. #6) reminding the parties to brief the Motion to Dismiss in accordance with Exhibit B of the Initial Order (Doc. #5). However, Plaintiff failed thereafter to submit a response in opposition to the Motion to Dismiss or request an extension of time. As a result, the court issued a Show Cause Order (Doc. #8) on November 20, 2013, requiring Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted as unopposed. Plaintiff's Response (Doc. #9), filed on November 25, 2013, neither provided the court with good cause for her failure to respond to Defendant's Motion, nor addressed the arguments for dismissal laid out in Defendant's Motion. Indeed, the two-page, bare-bones Response simply asked the court to deny Defendant's Motion to Dismiss and reiterated (in its entirety) Plaintiff's breach of contract claim (the only cause of action that Plaintiff did not seek to dismiss). (Doc. #9).

The court construes Plaintiff's failure to meaningfully respond to the Motion to Dismiss (Doc. #3) as a failure to prosecute her claims against Defendant. Consequently, the Motion is due to be granted and Defendant is entitled, at a minimum, to have Plaintiff's claims dismissed

without prejudice for this reason alone.[1]  However, the court need not further analyze whether the circumstances are present which warrant a dismissal with prejudice as a sanction,[2] because Defendant is also entitled to have its Motion granted on substantive grounds.

Counts I (negligence) and II (wantonness) of Plaintiff's Complaint (Doc. #1, Ex. A at ¶¶ 17-24) are due to be dismissed, because such claims are not cognizable under Alabama law. *Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704, 706 (Ala. 1995) (noting that the Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims").  Likewise, Counts III (bad faith refusal to pay insurance claim) and IV (bad faith refusal to timely investigate insurance claim) (Doc. #1, Ex. A at ¶¶ 25-35) are due to be dismissed, as Plaintiff failed to assert them within the statute of limitations period.  The statute of limitations in Alabama for a bad faith claim is two years, and the statutory period begins to run "'when the party seeking to bring the action knew of facts which would put a reasonable mind on notice of the possible existence of [bad faith].'" *ALFA Mutual Insurance Company v. Smith*, 540 So. 2d 691, 693 (Ala. 1988) (quoting *Farmers & Merchants Bank v. Home Ins. Co.*, 514 So. 2d 825 (Ala. 1987)); Alabama Code § 6-2-38(l) (1975).  Here, Plaintiff should have been aware of the possible existence of bad faith, at the very latest, by April 21, 2010, the date on which Plaintiff's counsel responded to the denial of coverage letter issued by Defendant in February 2010. (Doc. #3, Ex. C; Doc. #3, Ex. B).  Plaintiff's bad faith claims were

---

[1] The court is indeed mindful that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); Fed.R.Civ.P. 41(b)-(c).  Additionally, a district court has the "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1353.

[2] A dismissal with prejudice is "an extreme sanction . . . [to be] imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONDA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted).

brought more than two years from that date (July 19, 2013), rendering them in violation of the statute of limitations and subject to dismissal.

Finally, Count VI (Conspiracy) of Plaintiff's Complaint (Doc. #1, Ex. A at ¶¶ 39-42) is due to be dismissed pursuant to a number of different theories. In its Motion to Dismiss (Doc. #3), Defendant advances three arguments in support of dismissal of Plaintiff's conspiracy claim, all of which this court accepts and adopts. First, as Defendant astutely points out, Plaintiff's claim alleges a conspiracy among "Defendant investigators," *i.e.*, agents or employees of Defendant. Such a scenario is incapable of supporting a cause of action for conspiracy, as "a conspiracy claim against agents and/or employees of the same corporation acting within the scope of their employment is legally precluded." *Morris v. Automobile Insurance Company of Hartford, Connecticut*, 2012 WL 3637624 at *5 (N.D. Ala. 2012) (citing *Phillips v. Amoco Oil Co.*, 614 F. Supp. 694, 703 n.10 (N.D. Ala. 1985)). Second, Defendant correctly applies the rule that "[a] conspiracy cannot exist in the absence of an underlying tort," *Avis Rent A Car System, Inc. v. Heilman*, 876 So. 2d 1111, 1124 (Ala. 2003), noting that all of the torts alleged by Plaintiff (*i.e.*, negligence, wantonness, and bad faith) are due to be dismissed. Finally, Defendant accurately asserts that Plaintiff's conspiracy claim is barred on statute of limitations grounds, because Plaintiff failed to file suit within the applicable two-year period. *Garris v. A & M Forest Consultants, Inc.*, 623 So. 2d 1035, 1039 (Ala. 1993); Alabama Code § 6-2-38(l) (1975).

Accordingly, under the circumstances of this case, Defendant's Motion to Dismiss (Doc. #3) is due to be granted. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this December 9, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE